

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2002

# USA v. Tikulin

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Tikulin" (2002). *2002 Decisions.* Paper 569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-1107
_____

UNITED STATES OF AMERICA

v.

FRANCO TIKULIN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00703)
District Judge: Honorable Nicholas H. Politan
_____

Submitted Under Third Circuit 34.1(a)
on September 13, 2002

Before:  SLOVITER and RENDELL,  Circuit Judges and McCLURE*, District Judge.

(Filed:  September 13, 2002)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

In October, 2000, Franco Tikulin pled guilty to distributing and possessing with

_____

*Honorable James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C.    841(a)(1)
 and (b)(1)(B) and 18 U.S.C.   2.  He was sentenced to 60 months imprisonment to be
followed by a 5 year term of supervised release.  Tikulin appeals his conviction pro se on
the grounds that he did not understand his Spanish interpreter at his plea hearing and was
given ineffective assistance of counsel.  Tikulin's counsel filed a brief in accordance with
Anders v. California, 386 U.S. 738 (1967), requesting to be relieved as counsel and
asserting that Tikulin's appeal raises no non-frivolous issues.  We agree with Tikulin's
counsel and will therefore grant his motion to withdraw, dismiss Tikulin's appeal, and
state for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court
that the issues in the appeal lack merit.

The District Court had jurisdiction based on 18 U.S.C.   3231.  We exercise
jurisdiction pursuant to 28 U.S.C.   1291. In reviewing an Anders brief, we first inquire
whether counsel adequately represented his client's case and second whether an
independent review of the record presents any non-frivolous issues.  United States v.
Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Tikulin's counsel has easily met the first requirement.  In his brief, counsel
identifies two possible issues that might arguably support an appeal, carefully reviews the
record, and conscientiously explains why the issues are wholly frivolous.

An independent review of the record also reveals that Tikulin's case is wholly frivolous. In reviewing the record, we confine our scrutiny to those portions of the record identified by counsel's adequate Anders brief and Tikulin's pro se brief. Youla, 241 F.3d at 301. In his brief, counsel raises two possible issues and references the record relating thereto: 1) whether Tikulin's plea was knowing and voluntary in compliance with Fed. R. Crim. P. 11 and 2) whether the District Court complied with Fed. R. Crim. P. 32 during sentencing. In his pro se brief, Tikulin asserts 1) that his plea was not knowing and voluntary because he is Italian and did not understand his Spanish interpreter and 2) that his counsel was ineffective.

First, we find that Tikulin's plea was knowing and voluntary and that his plea hearing presents no non-frivolous issues for review. At Tikulin's plea hearing, the District Court established that Tikulin understood the charge to which he was pleading and that there was a factual basis for the plea. McCarthy v. United States, 394 U.S. 459, 467 (1969). Tikulin read and signed the Rule 11 form and was further advised by the District Court of his trial rights, the penalties he faced, the operation of the Sentencing Guidelines, and the effect of his plea. Tikulin was provided a Spanish interpreter and stated unequivocally that he had no problem understanding the proceedings. When afforded an opportunity to seek an Italian interpreter, Tikulin declined. At no point during the proceedings did Tikulin exhibit confusion or require clarification. Furthermore, Tikulin admitted to the Probation Officer in charge of his Presentence Investigation Report that he was fluent in Spanish and had resided in Panama, a Spanish-speaking country, for three years. Tikulin's plea hearing thus presents no non-frivolous issues.

The imposition of Tikulin's sentence also presents no non-frivolous issues for appeal. Tikulin did not bring any sentencing error to the District Court's attention, therefore we review the District Court's actions for plain error and require a showing that Tikulin's substantial rights were prejudiced. United States v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000). Tikulin cannot possibly show prejudice because he received the minimum possible custodial sentence authorized by the Guidelines, therefore any appeal of his sentence is wholly frivolous.

Finally, Tikulin's claim of ineffectiveness of counsel is entirely frivolous. An ineffectiveness claim cannot be raised on direct review when the record is insufficient to support it. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998). At his plea hearing, Tikulin stated that he was satisfied with his counsel; nothing in the record contradicts this assertion.

Because we find that Tikulin's counsel adequately represented his client's case in his Anders brief and that there are no non-frivolous issues for review, we will grant counsel's motion to withdraw, dismiss Tikulin's appeal, and state that the issues presented in the appeal lack legal merit for purposes of counsel's filing a petition for writ of certiorari in the Supreme Court.


                                        /s/   Marjorie O. Rendell
                              Circuit Judge